1  MCGREGOR W. SCOTT (State Bar No. 142413)
   mscott@orrick.com
2  COURTNEY LINN (State Bar No. 148855)
   clinn@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
4  Sacramento, CA  95814
   Telephone:  (916) 447-9200
5  Facsimile:    (916) 329-4900

6
   Attorneys for Defendant
7  COLLINS MAX CHRISTENSEN

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11

12 | UNITED STATES OF AMERICA,            Case No.  2:11CR00070-01

13 |             Plaintiff,
                                          **STIPULATION AND ORDER
14 |      v.                              CONTINUING SENTENCING DATE
                                          AND MODIFYING SENTENCING
15 | COLLINS MAX CHRISTENSEN aka          SCHEDULE**
     Collie Christensen,
                                          Sentencing Date:  08/30/2011
16 |             Defendant.

17

18        The parties, through their respective counsel, hereby stipulate, and respectfully

19 request that the Court so order, that the Judgment and Sentencing date presently set for

20 August 30, 2011, be continued until September 27, 2011, and further that all dates previously

21 established for the Sentencing Schedule on this matter be re-scheduled to reflect the

22 September 27 date.  The parties further stipulate that written objections to the pre-sentence report

23 be due on or before August 30, 2011, and that the motion for correction to the pre-sentence report

24 be due on or before September 13, 2011.

25        In support of this Stipulation, the parties state as follows:

26        1.    Mr. Christensen entered a pre-indictment guilty plea on February 15, 2011.

27        2.    On June 6, 2011, the Court continued the sentencing hearing at the request

28 of the Probation Office (Doc. # 10).

- 1 -

APPLICATION FOR ORDER CONTINUING SENTENCING

OHS WEST:261236596.1

PDF created with pdfFactory trial version www.pdffactory.com

3.     On July 8, 2011, the Court entered an Order continuing the sentencing hearing from July 26, 2011, to August 30, 2011, pursuant to the parties' stipulation (Doc. # 12).

4.     A thirty-day continuance is necessary to ensure that the parties have sufficient time to review and address all factual and legal issues raised by the amended pre-sentence report, including, but not limited to, the factual bases and methods used to calculate the loss amount. The Probation Officer's recommended loss amount is $836,667 (or 85%) higher than the loss amount agreed upon by the Government and the Defendant in the plea agreement. Given the substantial impact this number would have on Mr. Christensen's sentence (increasing it by 36% per the recommendation of the Probation Officer), his attorneys need additional time to review the underlying discovery and discuss factual contentions with the Probation Office and the United States Attorney's Office. The pre-sentence report's failure to include an explanation of its loss calculation methods further necessitates a continuance. It is critical that counsel discuss these calculations with the Probation Office to better understand why the Probation Office reached a loss figure 85% higher than that agreed to by the government, who had the benefit of working the case with FBI agents and financial analysts for over a year, and the defense, which had its own investigator, and reached similar conclusions to those of the government.

5.     Loss calculation is material to the sentence imposed. Mr. Christensen has a right to appeal his sentence if the loss calculation is incorrect and his sentence goes above the top end of Level 20. The Probation Officer's recommendation is for a sentence higher than the top end of Level 20. Accordingly, if the Court adopts the Probation officer's recommendation over that of the parties, the issue will be litigated upon appeal. Thirty days additional time to develop the record and avoid an unnecessary appeal is warranted.

6.     Additionally, as the Court may be aware, victims and others have been regularly sending correspondence to the Court and the Probation Officer claiming even higher losses. The parties require time to analyze these new allegations.

7.     Adding to the need for a continuance is the fact that counsel for Mr. Christensen will be out of town working on other matters for a significant portion of time in the next few weeks.

PDF created with pdfFactory trial version www.pdffactory.com

8. All parties have worked diligently to date. Since receiving the amended pre-sentence report, Mr. Christensen and his attorneys have worked vigorously to review, analyze, and digest the facts asserted. They have met twice to go over the report, and Mr. Christensen is in the process of searching for and procuring documentation to support any objections he may have. A defendant has a statutory right to review and object to the report.

9. Pursuant to the current sentencing schedule, the informal objections to the pre-sentence report are due Monday, July 25, 2011. For the reasons stated above, counsel for Mr. Christensen will not have adequate time to prepare objections by this date.

10. The government has been reluctant to agree to another continuance. The Assistant United Attorney handling the case has received numerous complaints from victims who claim that the case is moving too slowly. However, it is worth noting that because the defendant pleaded guilty without indictment, the case has moved much quicker than most cases. So, while the parties understand the need for prompt sentencing, this case has proceeded in an expeditious manner thus far. Mr. Christensen signed a pre-indictment plea, saving the Government and the Court substantial time, energy, and resources. A thirty-day continuance will provide defense counsel adequate time to prepare for sentencing and will allow the parties to better assist the court with the loss calculation at sentencing, and avoid an unnecessary appeal.

11. Barring some completely unanticipated event, the parties anticipate that this will be the final continuance of the sentencing date.

///
///
///
///
///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

1  WHEREFORE, based on the foregoing, and for good cause shown, the parties
2  hereby stipulate that the sentencing be continued from August 30, 2011, to September 27, 2011 at
3  9:30 a.m., and that all corresponding objection dates be continued accordingly.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 21, 2011.                    UNITED STATES ATTORNEY
                                         BENJAMIN B. WAGNER


                                         By: /s/ Russell L. Carlberg
                                             Russell L. Carlberg
                                             Assistant United States Attorney


DATED: July 21, 2011.                    ORRICK, HERRINGTON & SUTCLIFFE, LLP


                                         By: /s/ McGregor W. Scott
                                             McGregor W. Scott
                                             Attorneys for Defendant
                                             Collins Max Christensen


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: July 22, 2011                     /s/ John A. Mendez
                                         Hon. John A. Mendez
                                         U.S. District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com